IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROGER W. McCARTY**, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil No. **07-039-MJR** |
| ) | |
| **JERRY BUSCHER**,[1] ) | |
| ) | |
| Respondent. ) | |

## REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Michael J. Reagan pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Petitioner Roger W. McCarty was convicted after a bench trial in Marion County, Illinois, of drug offenses involving methamphetamine and cannabis. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

## Procedural History

McCarty challenges the calculation of the amount of methamphetamine for sentencing purposes and the validity of a search warrant. In view of the nature of the grounds alleged for habeas relief, the review of the procedural history will be brief.

The following description of the underlying facts is gleaned from the opinion of the Supreme Court of Illinois in petitioner's case, ***People v. McCarty***, **858 N.E.2d 15** (**Ill., 2006**). A copy of the opinion is attached to the response, **Doc. 10**, as **Exhibit K**.

---

[1] Jerry Buscher is now the warden of Taylorville Correctional Center, and is therefore substituted as respondent herein. Rules Governing Section 2254 Cases, Rule 2(a).

1

On December 20, 2001, a Marion County deputy sheriff obtained a warrant to search petitioner's trailer for methamphetamine, records of drug transactions, drug paraphernalia, and United States currency.  Upon executing the warrant later that day, law enforcement officers found, among other items, "four containers of liquids suspected to contain methamphetamine," six bottles of pseudoephedrine pills and other items used in the manufacture of methamphetamine, $3,030 in a locked metal box, and about 30 grams of suspected cannabis. *McCarty*, 858 N.E.2d at 21-22.

Petitioner was ultimately charged with three counts, as follows:

1. manufacture of more than 900 grams of a substance containing methamphetamine, in violation of 720 ILCS 570/401(a)(6.5)(D);

2. possession with intent to manufacture more than 900 grams of a substance containing methamphetamine, in violation of 720 ILCS 570/401(a)(6.5)(D);

3. possession with intent to deliver more than 30 grams, but not more than 500 grams, of a substance containing cannabis, in violation of 720 ILCS 550/5(d).

McCarty's pretrial motions to suppress the evidence seized at his trailer and to dismiss the first two counts were denied.  McCarty was convicted on all three counts after a bench trial on stipulated evidence on May 5, 2003.  He did not offer any evidence or file a post-trial motion. *McCarty*, 858 N.E.2d at 22-23.  At sentencing, the court vacated as to the second count as it was a lesser included offense, and sentenced petitioner to fifteen years on Count 1 and 5 years on Count 3, to be served concurrently.  At sentencing, "the State conceded that it could not prove how much usable methamphetamine defendants produced."  *McCarty*, 858 N.E.2d at 23-24.[2]

---

[2]The Supreme Court's opinion refers to defendants because charges were also brought against McCarty's fiancee, Jeanyne Reynolds.  The two appeals were consolidated.

Petitioner raised the following points on direct appeal:

1. The search warrant was unconstitutional.

2. The section under which he was sentenced, 720 ILCS 570/401(a)(6.5) violated the proportionate penalties clause of the Illinois Constitution.

3. The Illinois General Assembly did not intend to include the by-products of producing methamphetamine within the definition of "substance containing methamphetamine" for purposes of the sentencing statute.

4. His conviction for possession with intent to deliver cannabis should be reduced to simple possession because there was insufficient evidence to prove intent to deliver.

*People v. McCarty*, **826 N.E.2d 957, 960 (Ill.App. 5th Dist., 2005)**.

The Fifth District affirmed. McCarty filed a PLA which raised only the third point. **Doc. 10 Ex. E**. McCarty later filed a supplemental brief raising the constitutionality of the search warrant. **Doc. 10, Ex. H**. The Supreme Court granted leave to appeal as to both the sentencing issues and the search warrant. In a published opinion, the Supreme Court rejected all of petitioner's points and affirmed his conviction and sentence. See, *People v. McCarty*, **858 N.E.2d 15 (Ill., 2006)**.

The habeas petition states that McCarty filed two postconviction petitions in October, 2003, but both were denied and he did not appeal. **Doc. 1, pp. 6-8.**

### Grounds for Habeas Relief

The instant habeas petition was filed on January 16, 2007, and asserts the following grounds:

1. The legislature did not intend that the mass of by-product be included in the calculation of the amount of substance containing methamphetamine; to do so violated "clearly established Federal law."

2. The inclusion of by-product for sentencing purposes violated the due process and

3

>    disproportionate penalties clauses of the Illinois Constitution, and also violated petitioner's Fourteenth Amendment equal protection rights.

3. The search warrant failed to describe with particularity the place to be searched.

## Exhaustion and Procedural Default

Petitioner must clear two procedural hurdles before the Court may reach the merits of his *habeas corpus* petition: exhaustion of remedies and procedural default. **Rodriguez v. Peters, 63 F.3d 546, 555 (7th Cir. 1995).**

Petitioner has exhausted his state remedies, and respondent has not argued that any of his grounds are procedurally defaulted.

## Analysis

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA. "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." **Bell v. Cone, 535 U.S. 685, 693, 122 S.Ct. 1843, 1849 (2002).**

**28 U.S. C. §2254(d)** restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or " a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

Habeas is not another round of appellate review. Federal courts do not review state court determinations of state law questions on habeas review. **Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991); Bloyer v. Peters, 5 F.3d 1093, 1098 (7th Cir. 1993).**

The issue for this court on habeas is whether the state court's decision was "contrary to" or constituted an "an unreasonable application of" Supreme Court precedent. **28 U.S.C. § 2254(d)(1)**. "Avoiding these pitfalls does not require citation of [Supreme Court] cases - indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." ***Early v. Packer*, 537 U.S. 3, 9, 123 S.Ct. 362 (2002) (emphasis in original).**

The Seventh Circuit has noted that the scope of federal review of state court decisions on habeas is "strictly limited" by **28 U.S.C. § 2254(d)(1)**. *Jackson v. Frank*, **348 F.3d 658, 661 (7th Cir. 2003).** The unreasonable application standard is "a difficult standard to meet." ***Id.*, at 662.** Even an incorrect or erroneous application of the federal precedent will not justify habeas relief; rather, the state court application must be "something like lying well outside the boundaries of permissible differences of opinion." ***Id.*, at 662 (internal citation omitted).**

**1.      Inclusion of by-product for sentencing purposes**

The first two grounds are related and, in large part, do not present grounds for habeas relief because they raise questions of state law only.

Petitioner contends that the inclusion of the by-product of methamphetamine manufacture for sentencing purposes violated the due process and disproportionate penalties clauses of the Illinois Constitution. Those points raise issues of state law only, and thus cannot be the basis for habeas relief. *Estelle v. McGuire*, *supra; Lambert v. Davis*, **449 F.3d 774, 778-779 (7th Cir. 2006)**. That leaves the arguments that the amount of methamphetamine should have been calculated in accordance with the Federal Sentencing Guidelines, and that the inclusion of the by-product violated petitioner's Fourteenth Amendment equal protection rights.

5

The Illinois Supreme Court considered and rejected McCarty's claim that Illinois is bound to follow "federal law" in measuring the amount of methamphetamine for sentencing purposes. At the time of McCarty's conviction, Section 401 of the Illinois Controlled Substances Act (720 ILCS 570/401) applied to methamphetamine.[3] He was sentenced under Section 401(a)(6.5)(D), which provided a penalty of "not less than 15 years and not more than 60 years with respect to 900 grams or more of any substance containing methamphetamine or any salt of an optical isomer of methamphetamine, or an analog thereof."

Noting that Section 401 does not define "substance containing methamphetamine," the Illinois Supreme Court held that the plain meaning of the phrase compels the conclusion that "the legislature did not intend to exclude the weight of the by-product produced during the manufacture of methamphetamine from the total weight used in determining an individual's sentence for manufacturing methamphetamine." ***McCarty*, 858 N.E.2d at 26**.

McCarty argued in the Illinois Supreme Court, as he does here, that the Federal Sentencing Guidelines approach must be followed in his case based on the statement of legislative intent contained in the Controlled Substances Act. 702 ILCS 570/100 set out several purposes of the Act, one of which was to "unify where feasible and codify the efforts of this State to conform with the regulatory systems of the Federal government and other states to establish national coordination of efforts to control the abuse of controlled substances." The Illinois Supreme Court held, based on Illinois law, that the preamble is not a part of the Act, that it has no substantive legal force, and that "it may not be used to create an ambiguity in an

---

[3]In September, 2005, the Controlled Substances Act was amended so that it no longer applies to methamphetamine, and a separate act, the Methamphetamine Control Act, became effective. ***McCarty*, 858 N.E.2d at 21, n.1.**

otherwise unambiguous statute." *McCarty, Ibid*. Further, the Illinois Supreme Court stated that, even if it were to give the preamble "an unprecedented degree of weight," it would not conclude that there was a "federal regulatory system" forbidding inclusion of by-product of methamphetamine for sentencing purposes in view of differences of opinion among the Circuit Courts of Appeals. *McCarty*, **858 N.E.2d at 28-29.**

Petitioner has not shown that the state court decision rejecting his Federal Sentencing Guidelines argument is contrary to or an unreasonable application of clearly established federal law, as required by 28 U.S.C. §2254(d). Obviously, the Federal Sentencing Guidelines do not directly apply to his state conviction. The Illinois Supreme Court's decision was the result of its construction of state statutes, based on state law. The court determined, as a matter of state law, that the Illinois Legislature did not intend to and did not adopt the provisions of the Federal Sentencing Guidelines. That holding does not in any way constitute an erroneous or unreasonable application of Supreme Court precedent.

Petitioner cites one Supreme Court case, *Chapman v. United States*, **111 S. Ct. 1919 (1991)**. That case does not help him at all. The defendants in *Chapman* had been convicted of distributing LSD in violation of federal, not state law. 21 U.S.C. §841(b)(1)(B)(v) provides a mandatory minimum sentence of five years for a defendant convicted of distributing more than one gram of a "mixture or substance containing a detectable amount" of LSD. The Supreme Court held that "it is the weight of the blotter paper containing LSD, and not the weight of the pure LSD, which determines eligibility for the minimum sentence." *Chapman*, **111 S. Ct. at 1921.** Petitioner argues that Chapman holds that a market-oriented approach must be followed in sentencing for drug crimes, and further argues that the weight of methamphetamine should be

excluded under such an approach. However, the Supreme Court based its decision on construction of a federal statute, and did not in any way hold that the *Constitution* mandates a market-oriented approach to sentencing under state drug laws. Further, *Chapman* involved LSD, and there is a split among the Circuits as to whether *Chapman* applies to methamphetamine convictions. **See,** *United States v. Stewart*, **361 F.3d 373, 376-381 (7th Cir. 2004), and cases discussed therein.** Thus, petitioner has failed to demonstrate that the Illinois Supreme Court's decision was contrary to or an unreasonable application of relevant federal law.

In his second ground, petitioner asserts that the inclusion of the by-product violates his federal equal protection rights. He has not elaborated on that argument, nor cited any Supreme Court case in support.

It must first be noted that McCarty did not make a Fourteenth Amendment equal protection argument in the Illinois Supreme Court. This Court has reviewed McCarty's petition for leave to appeal, opening brief, supplemental brief, and reply filed in state court. **See, Doc. 10, Ex. E, F, H and J**. With regard to the inclusion of by-product for sentencing purposes, petitioner raised only state constitutional arguments in the Illinois Supreme Court.

Because petitioner did not raise a federal equal protection claim in state court, the claim is procedurally defaulted. A habeas petitioner must "fairly present" his federal constitutional claim to the state court for one full round of review. *Verdin v. O'Leary*, **972 F.2d 1467, 1472-73 (7th Cir. 1992);** *O'Sullivan v. Boerckel*, **526 U.S. 838, 845 (1999)**. Fair presentment requires that the point be presented as a matter of *federal constitutional law* at each stage of the state proceedings. *Harding v. Sternes*, **380 F.3d 1034, 1046 (7th Cir. 2004).** Petitioner did not do so here.

Respondent has not raised procedural default.  Procedural default is not jurisdictional; rather, it is an affirmative defense which may be waived.  ***Cheeks v. Gaetz*, 571 F.3d 680, 685 (7th Cir. 2009)**.  Therefore, McCarty's procedural default is waived.  That fact is of no assistance to petitioner, however.

McCarty has not identified any Supreme Court case which holds that including the by-product of methamphetamine manufacture for sentencing purposes under either federal or state statutes violates the equal protection clause, or any other constitutional provision.  The only Supreme Court case cited by petitioner is ***Chapman, supra***.  In that case, the Supreme Court held that, where there is a rational basis for a sentencing scheme, due process and equal protection are not offended.  ***Chapman,* 111 S.Ct. at 1927-1928.**[4]

Petitioner raised a due process claim under the Illinois Constitution in state court.  The Illinois Supreme Court concluded that the sentencing scheme under which he was sentenced was "not irrational" and was "reasonably designed to remedy the particular evil that the legislature was targeting."  ***McCarty*, 858 N.E.2d at 34-35.**  The state court's analysis would have been equally applicable to an equal protection or due process challenge under the federal constitution, had one been mounted by petitioner in state court.

Petitioner bears the burden of showing that his sentence violates clearly established federal law, as determined by the Supreme Court.  He must show that "the state court's finding of fact or its application of federal aw was not only erroneous, but unreasonable."  ***Smith v.***

---

[4]"In this context, as we noted in *Jones v. United States,* 463 U.S. 354, 362, n. 10, 103 S.Ct. 3043, 3048, n. 10, 77 L.Ed.2d 694 (1983), an argument based on equal protection essentially duplicates an argument based on due process."  ***Chapman,* 111 S.Ct. at 1927.**

9

***Grams*, 565 F.3d 1037, 1043 (7th Cir. 2009)**.  He has failed to make such showing with respect to his equal protection claim, and that claim must be rejected.

**2.        Constitutionality of search warrant**

McCarty's final point is that the search warrant violated the Fourth Amendment because it did not describe with sufficient particularity the place to be searched.  This claim cannot be the basis for habeas relief.

The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  ***Stone v. Powell*, 96 S.Ct. 3037, 3052 (1976)**. Petitioner has not argued that the state did not give him an opportunity for full and fair litigation of his Fourth Amendment claim, and, on this record, he could not make such an argument.  A full and fair opportunity has been afforded to petitioner because "(1) he clearly apprised the state court of his Fourth Amendment claim along with the factual basis for that claim, (2) the state court carefully and thoroughly analyzed the facts, and (3) the court applied the proper constitutional case law to those facts."  ***Miranda v. Leibach*, 394 F.3d 984, 997 (7th Cir. 2005)**.

McCarty raised his Fourth Amendment claim in the trial court, and a suppression hearing was held.  He then raised the issue again on direct appeal and in the Illinois Supreme Court, which granted leave to appeal and analyzed the issues at length.  ***McCarty*, 858 N.E.2d at 35-44.** Because McCarty had a full and fair opportunity to litigate the constitutionality of the search warrant in state court, this Court may not reconsider the claim on habeas review.  **See,** ***Ben-Yisrayl v. Buss*, 540 F.3d 542, 552 (7th Cir. 2008)("As a general principle, absent a**

**subversion of the hearing process, we will not examine whether the state courts made the right decision.")**

In sum, McCarty has not demonstrated a constitutional wrong, and he has not advanced a colorable claim of actual innocence.  **See,** *Sawyer v. Whitley***, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518 (1992) (miscarriage of justice exception applies to "actual" innocence as compared to "legal" innocence).**  He is not entitled to habeas relief.

### Recommendation

This court recommends that Roger W. McCarty's Petition for Writ of Habeas Corpus be **DENIED** in all respects.

Objections to this Report and Recommendation must be filed on or before **December 21, 2009.**  A party may file a response to another party's objections on or before **January 7, 2010.**

**DATE: December 4, 2009.**

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **UNITED STATES MAGISTRATE JUDGE**