IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROGER W. McCARTY,                    )
                                     )
            Petitioner,              )
                                     )
vs.                                  )        Case No. 07-cv-0039-MJR
                                     )
JERRY BUSCHER,                       )
                                     )
            Respondent.              )

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

### A.  Introduction, Facts, and Procedural Background

In May 2003, Roger McCarty was convicted on various drug charges, involving manufacture and possession with intent to manufacture methamphetamine, and possession with intent to deliver cannabis.  He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the calculation of the amount of methamphetamine for sentencing purposes and the validity of a search warrant.

The undersigned District Judge adopts - as did United States Magistrate Judge Proud - the underlying facts gleaned from the opinion of the Supreme Court of Illinois in McCarty's case, *People v. McCarty*, **858 N.E.2d 15 (Ill. 2006)**.

On December 20, 2001, a Marion County deputy sheriff obtained a warrant to search McCarty's trailer for methamphetamine, records of drug transactions, drug paraphernalia  and United States currency. Upon executing the warrant later that day, law enforcement officers found, among other items, "four containers of liquids suspected to contain methamphetamine," six bottles

1

of pseudoephedrine pills and other items used in the manufacture of methamphetamine, $3,030 in

a locked metal box, and about 30 grams of suspected cannabis. *McCarty*, **858 N.E.2d at 21-22.**

McCarty was ultimately charged with the following three counts:

1.   Manufacture of more than 900 grams of a substance containing methamphetamine, in violation of 720 ILCS 570/401(a)(6.5)(D);

2.   Possession with intent to manufacture more than 900 grams of a substance containing methamphetamine, in violation of 720 ILCS 570/401(a)(6.5)(D); and

3.   Possession with intent to deliver more than 30 grams, but not more than 500 grams, of a substance containing cannabis, in violation of 720 ILCS 550/5(d).

McCarty's pretrial motions to suppress the evidence seized at his trailer and to

dismiss the first two counts were denied.  McCarty was convicted on all three counts after a bench

trial, on stipulated evidence, on May 5, 2003. He did not offer any evidence or file a post-trial

motion.  *McCarty*, **858 N.E.2d at 22-23.**  At sentencing, the court vacated as to the second count

as it was a lesser included offense, and sentenced McCarty to 15 years on Count 1 and 5 years on

Count 3, to be served concurrently. At sentencing, "the State conceded that it could not prove how

much usable methamphetamine defendants produced." *McCarty*, **858 N.E.2d at 23-24.**[1]

On direct appeal, McCarty argued that (1) the search warrant was unconstitutional;

(2) the section under which he was sentenced, 720 ILCS 570/401(a)(6.5), violated the proportionate

penalties clause of the Illinois Constitution; (3) the Illinois General Assembly did not intend to

include the by-products of producing methamphetamine within the definition of "substance

containing methamphetamine" for purposes of the sentencing statute; and (4) his conviction for

---

[1]The Illinois Supreme Court's opinion refers to "defendants" because charges were also brought against McCarty's fiancee, Jeanyne Reynolds. The two appeals were consolidated.

possession with intent to deliver cannabis should be reduced to simple possession because there was insufficient evidence to prove intent to deliver. ***People v. McCarty*, 826 N.E.2d 957, 960 (Ill.App. 5th Dist. 2005)**. In March 2005, the Illinois Appellate Court, Fifth District, affirmed the circuit court's conviction and sentence. Doc. 10-9, Exh. E. McCarty filed a petition for leave to appeal, which raised only the third point - whether the Illinois legislature intended to include the by-products of producing methamphetamine within the definition of "substance containing methamphetamine." Doc. 10-8, Exh. E. In February 2006, McCarty filed a supplemental brief raising the first point - the constitutionality of the search warrant. Doc. 10-15, Exh. H.

The Illinois Supreme Court granted leave to appeal as to both the sentencing issues and the search warrant. In a published opinion, the Supreme Court rejected all of McCarty's points and affirmed his conviction and sentence. ***People v. McCarty*, 858 N.E.2d 15 (Ill. 2006)**. According to McCarty's habeas petition, he filed two postconviction petitions in October 2003. Both were denied, and McCarty did not appeal. Doc. 1, pp. 6-8.

On January 16, 2007, McCarty filed a petition for writ of habeas corpus in this United States District Court. In his habeas petition, McCarty raises three grounds: (1) the Illinois legislature did not intend that the mass of by-product be included in the calculation of the amount of substance containing methamphetamine and to do so violated "clearly established Federal law"; (2) the inclusion of by-product for sentencing purposes violated the due process and disproportionate penalties clauses of the Illinois Constitution, and also violated McCarty's Fourteenth Amendment equal protection rights; (3) and the search warrant failed to describe with particularity the place to be searched.

In this federal habeas proceeding, McCarty named as the Respondent the person who

at that time was the warden of the prison in which he is confined (Taylorville Correctional Center) – Greg Sims.  Because Sims was replaced by Jerry Buscher as Warden of Taylorville Correctional Center, the Court hereby **SUBSTITUTES** Buscher for Sims, as Respondent herein.  ***See* Rule 2 of RULES GOVERNING SECTION 2254 CASES IN THE U.S. DISTRICT COURTS.**

The matter was fully briefed by April 30, 2007 (Docs. 10, 13); however, before it could be ruled on, McCarty filed a letter which was construed as a motion to stay (Doc. 14).  On April 14, 2009, Magistrate Judge Proud granted the stay, allowed McCarty additional time to supplement his reply and delayed the issuance of a Report and Recommendation (Doc. 16). McCarty filed his supplemental reply on May 18, 2009, and on December 4, 2009, Judge Proud issued his Report and Recommendations (Docs. 17, 18).   Judge Proud recommended that the undersigned District Judge deny the petition.  McCarty filed a timely objection to Judge Proud's Report (Doc. 19).  The Court solicited a response to McCarty's objection from Buscher, which was filed on January 12, 2010 (Docs. 20, 21).

## B.  Analysis

A timely objection having been filed, this Court must undertake *de novo* review of the portions of the Report to which specific objection was made. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b);** *Govas v. Chalmers***, 965 F.2d 298, 301 (7th Cir. 1992).**  The Court may accept, reject or modify the recommended decision, or recommit the matter to the Magistrate Judge with instructions. **FED. R. CIV. P. 72(b); Local Rule 73.1(b);** *Willis v. Caterpillar, Inc.***, 199 F.3d 902, 904 (7th Cir. 1999).**

In the case at bar, McCarty objects to Judge Proud's conclusion that McCarty's first two grounds raise questions of state law only.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that the Court may not grant an petition for a writ of habeas corpus "to a state prisoner whose claim was adjudicated on the merits in state court unless the state court either reached a decision that was 'contrary to' 'clearly established Federal law, as determined by the Supreme Court of the United States,' or it unreasonably applied such a law. *Malinowski v. Smith,* **509 F.3d 328, 331 (7th Cir. 2007),** *citing Coulter v. McCann***, 484 F.3d 459, 466 (7th Cir. 2007),** *quoting* **28 U.S.C. § 2254(d)(1)**.[2]

McCarty contends that Illinois elected to follow federal precedent in crafting state law and, in so doing, elevated his wrong to a constitutional level. Specifically, he claims that the following language in the preamble of the Illinois Controlled Substances Act, 720 ILCS 570/100, *et seq.,* binds the State to apply the law in conformity with established federal law: "to conform [Illinois Controlled Sustance (sic) Law] with the regulatory systems of the Federal Government...."[3]  He claims that (1) the Illinois Supreme Court's decision holding that by-products of producing methamphetamine were within the statutory definition of "substance containing methamphetamine," was contrary to clearly established federal law, as announced by the United States Supreme Court;

_____

[2]Section § 2254(d)(1) provides, in full: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." **28 U.S.C. § 2254(d)(1)-(2)**.

[3]"Legislative intent.... (5) unify where feasible and codify the efforts of this State to conform with the regulatory systems of the Federal government and other states to establish national coordination of efforts to control the abuse of controlled substances;..." **720 ILCS 570/100**.

5

and (2) the inclusion of by-products of producing methamphetamine within the definition of "substance containing methamphetamine" enhanced his sentence, thereby violating the Illinois Constitution's due process and disproportionate penalties provisions, and the United States Constitution's equal protection provisions.

In support of his contentions, McCarty cites *Chapman v. United States*, **500 U.S. 453 (1991)** and *United States v. Stewart,* **361 F.3d 373 (7th Cir. 2004)**.  In *Chapman*, the Supreme Court considered the meaning of "mixture or substance" under **21 U.S.C. § 841(b)**, noting that Congress had "adopted a 'market-oriented' approach to punishing drug trafficking." *Chapman*, **500 U.S. 461,** *citing* **H.R. Rep. No. 99-845, at 11-12, 17 (1986);** *Stewart*, **361 F.3d at 376**.  Under that approach, "the total quantity of what is distributed, rather than the amount of pure drug involved, is used to determine the length of the sentence." *Id*. The Court concluded that the weight of carrier mediums, such as blotter paper, and cutting agents should be included for sentencing. *Id*. **at 465-66;** *Stewart*, **361 F.3d at 377**.  After *Chapman*, the Seventh Circuit, along with six other circuits, when defining "mixture or substance," generally applied a "market-oriented" approach, *i.e.,* that "only usable or consumable mixtures or substances are included in the drug quantity for sentencing purposes." *Stewart*, **361 F.3d 377**.

Unfortunately for McCarty, neither of these cases help him, nor is his claim that Illinois is bound to follow federal law in measuring the amount of methamphetamine for sentencing purposes sustainable.

The scope of federal review of state court decisions on habeas is "strictly limited" by Congress in the AEDPA.  **28 U.S.C. § 2254(d)(1)**. *Jackson v. Frank*, **348 F.3d 658, 661 (7th Cir. 2003).**  "Unreasonable application" is "a difficult standard to meet" as "unreasonable" means

6

"something like lying well outside the boundaries of permissible differences of opinion." ***Id., at***

***662, quoting Hardaway v. Young, 302 F.3d 757, 762 (7th Cir. 2002)***. "[H]abeas relief should not

be granted if the state court decision can be said to be one of several equally-plausible outcomes."

***Id., citing Boss v. Pierce, 263 F.3d 734, 742 (7th Cir. 2001)***.  Indeed, "a federal habeas court may

not issue the writ simply because that court concludes in its independent judgment that the relevant

state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that

application must be objectively unreasonable." ***Id., citing Lockyer v. Andrade, 538 U.S. 63 (2003),***

***quoting Williams v. Taylor, 529 U.S. 362, 411, 409 (2000)***.

        The grounds raised by McCarty are related, and neither in whole nor in part present

a basis for habeas relief.  They are questions of state law only, and, accordingly, are no part of this

court's habeas review of McCarty's state court conviction. ***Estelle v. McGuire, 502 U.S. 62, 67-68***

***(1991).***  In ***Estelle***, the Court of Appeals for the Ninth Circuit set aside a conviction  relying "in part

on its conclusion that the evidence was 'incorrectly admitted ... pursuant to California law.'" ***Id. at***

***67.***  The United States Supreme Court reversed the appellate court, explaining,

> Such an inquiry, however, is no part of a federal court's habeas review of a state
> conviction. We have stated many times that 'federal habeas corpus relief does not lie
> for errors of state law.' Today, we reemphasize that it is not the province of a federal
> habeas court to reexamine state-court determinations on state-law questions. In
> conducting habeas review, a federal court is limited to deciding whether a conviction
> violated the Constitution, laws, or treaties of the United States. ***Id. at 67-68, citing***
> **28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21(1975) (internal citations**
> **omitted)**.

        As noted by Magistrate Judge Proud in his Report, the Illinois Supreme Court

disagreed with McCarty's interpretation of state law - a disagreement which is not cognizable on

federal habeas review.  McCarty's contention that the Illinois legislature indicated a desire that state

law be interpreted to follow federal precedent is but a variation on the same theme and, likewise,

is not within this Court's purview on habeas review.

As stated above, McCarty's reliance on ***Chapman*** is misplaced, and he has failed to point to any decision of the United States Supreme Court which squarely addresses the issues in this case - without which, he cannot meet his burden under § 2254(d)(1).  In ***Knowles v. Mirzayance,*** **129 S.Ct. 1411 (2009)**, the Court concluded that a state court's decision did not violate clearly established state law and that the Ninth Circuit Court of Appeals's contrary result was largely based on applying an improper standard of review.  ***Knowles,* 129 S.Ct. at 1419**.  As the Court explained, "[I]t is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." ***Id., citing Wright v. Van Patten*, 552 U.S. 120, 123 (2008)**.

Nor does the undersigned District Judge find the state court's determination to be objectively unreasonable.  As the Seventh Circuit Court of Appeals has observed, federal circuits are split over whether the definition in § 841(b) should contain only the useable amount of a drug. ***Stewart,* 361 F.3d at 377-78 (collecting cases)**.  Although the Seventh Circuit has interpreted ***Chapman*** and § 841(b) to mean that only usable or consumable mixtures or substance can be included in drug quantity, the First and Tenth Circuits have held that the "'plain language' of § 841(b) compels including in the drug weight for statutory purposes any part of a solid or liquid containing a detectable amount of drug. ***Stewart* , 361 F.3d at 377,** ***citing United States v. Richards*, 87 F.3d 1152, 1157 (10th Cir. 1996) (holding that solution not yet processed into usable methamphetamine was a "mixture"); *United States v. Mahecha-Onofre*, 936 F.2d 623, 625-26 (1st Cir. 1991) (holding that cocaine combined with acrylic material to form part of suitcase was a "mixture")**.

In sum, first, the Illinois Supreme Court was interpreting state law rather than federal law. Second, even though Illinois is in the Seventh Circuit, it is not bound to follow Seventh Circuit precedent. It is United States Supreme Court precedent that must be reasonably applied. Third, this Court cannot say that the Illinois Supreme Court's approach is objectively unreasonable when it mirrors or follows an approach taken by other federal circuit courts.

Accordingly, the undersigned District Judge **SUBSTITUTES** Jerry Buscher, Warden of Taylorville Correctional Center, for Respondent Greg Sims, **ADOPTS** Magistrate Judge Proud's Report (Doc. 18), **DENIES** all relief requested in McCarty's habeas petition, and **DISMISSES** this case with prejudice.

**IT IS SO ORDERED.**

**DATED this 27th day of January, 2010**

> **s/Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**