IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROGER W. McCARTY,** | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )    Case No. 07-cv-0039-MJR |
| | ) |
| **JERRY BUSCHER,** | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

On January 16, 2007, Roger McCarty filed a Petition for Writ of Habeas Corpus pursuant to **28 U.S.C. § 2254**. On December 4, 2009, United States Magistrate Judge Clifford J. Proud entered a Report and Recommendation which urged denial of McCarty's habeas petition. McCarty filed a timely objection, and the undersigned District Judge undertook *de novo* review of the petition. On January 27, 2010, the Court determined that McCarty was not entitled to habeas relief and denied the petition.

McCarty's motion for a certificate of appealability is timely under Federal Rule of Appellate Procedure 4(c)(1) which provides, "If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." **FED. R. APP. P. 4(c)(1)**. McCarty's motion includes a notice of filing/proof of service showing that he caused the motion to be served on Karl Triebel, Assistant Attorney General, on February 25, 2010, which is within 30 days of the date that judgment was entered herein. Accordingly, the motion is timely.

**28 U.S.C. § 2253(c)(1)** requires a certificate of appealability for any appeal from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." But **§ 2253(c)(2)** provides that a certificate of appealability shall issue only if the movant "has made a substantial showing of the denial of a constitutional right."

For the reasons detailed in the Court's Order denying habeas relief, the undersigned District Judge concludes that McCarty has *not* made a substantial showing of the denial of a constitutional right. Therefore, the Court **DENIES** his motion for certificate of appealability (Doc. 24).

However, a more liberal standard applies to motions for leave to proceed in forma pauperis on appeal. *Pate v. Stevens*, **163 F.3d 437, 438 (7th Cir. 1998).** In *Pate*, the Seventh Circuit clarified "the district court's responsibilities when making good faith determinations under Federal Rule of Appellate Procedure 24." *Pate*, **163 F.3d at 438.** Reiterating that the standard governing *in forma pauperis* on appeal is more liberal than the standard governing certificates of probable cause (now "certificates of appealability"), the Seventh Circuit concluded, "...we caution district courts not to apply an inappropriately high standard when making good faith determinations." *Id.* **at 439;** *see Lee v. Clinton*, **209 F.3d 1025, 1026 (7th Cir. 2000)(noting that the common legal meaning of the term "bad faith" is "to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit").**

**28 U.S.C. § 1915(a)(1)** provides that a United States District Court may authorize commencement of a civil appeal without prepayment of fees by a person who submits an affidavit showing that he is unable to pay the appeal fee. In the case at bar, Petitioner McCarty has neither moved for leave to proceed in forma pauperis nor paid the appellate filing fee. In the underlying

2

case, McCarty paid the $5.00 filing fee even though it appears that he was indigent.  *See* Doc. 4.  The Court has no current financial information, however, and cannot make this determination at present.  Accordingly, the Court **ORDERS** McCarty either to pay the appellate filing fee or to file a motion to appeal in forma pauperis with supporting affidavit by March 24, 2010.

      **IT IS SO ORDERED.**

      **DATED this 10th day of March, 2010**

                                      **s/Michael J. Reagan**
                                      **MICHAEL J. REAGAN**
                                      **United States District Judge**